May it please the Court, my name is Stephanie Bond. I'm the attorney for the appellant Hugo Cortez-Avila. I would like to reserve two minutes for rebuttal. The issue presented for review before this Court was whether the District Court erred in assessing a 16-level upward adjustment in the sentencing guideline calculation when the District Court sentenced Mr. Cortez for illegal re-entry into the United States after being deported. Mr. Cortez had pled guilty, excuse me, Mr. Cortez had pled no contest in 2009 to California Penal Code 243.4 which is a sexual battery statute. This conviction was the basis for the 16-level enhancement. This Court previously ruled in United States v. Lopez-Montanez that the California Penal Code Section 243.4 is not a categorical crime of violence for purposes of the 16-level enhancement. At the sentencing on the District Court level, the Probation Department, the Government, and the District Court Judge agreed that categorically this is not a crime of violence. Unless the Court has questions specifically about the categorical approach, I intended to focus on the modified categorical approach for purposes of my arguments. The purpose under the modified categorical approach is to determine if the record unequivocally establishes that the defendant was convicted of a generically defined crime. And in order for a conviction to constitute a crime of violence, the force must actually be violent in nature. Now, Mr. Cortez-Avaya did plead no contest to the California Penal Code and his attorney stipulated that the police reports contained a factual basis for the violation. Counsel, Judge Gould, if I could interject a question. Don't we have precedent like Judge Tallman's opinion in Hernandez? Hernandez, where I recall I was on the panel, that just says if the counsel stipulates, that's the same thing as if he had so stipulated himself. Judge, I agree. And I do believe that the police reports in this case were incorporated into the record. And I believe that the District Court Judge correctly looked at the police reports in making his determination. What I don't agree with is his evaluation of the police reports. And specifically, I don't agree with his evaluation because this court previously in Amazon Becerra agreed with the Fifth Circuit Court in Castillo-Morales that said when a defendant stipulates that there is a factual basis for his plea that's present in the court documents, that the court can use any uncontradicted facts in those court documents. And the lower court, the District Court, did not look at the contradicted facts. It was clear from the explanation given on the record from the District Court that he was taking the victim's version, the victim's first version, as the true version of facts of how the incident happened. And in this case, according to the police reports, the victim herself gave two different versions to the police officers as to how the events happened. And both of those versions contradicted themselves. Mr. Cortez-Avaya gave a version of the events to the police officers, and that contradicted both of the victim's statements. For instance, in – oh, yes, sir. Well, I was just going to say thank you. I think I understand the answer. Okay, thank you. He gave two versions, too, didn't he? Well, he did give two versions because the first version, he basically said nothing happened. And then later he gave a version of the events that occurred. So, yes, he did give two versions, Your Honor. And on that note, in this particular case, all – the appellant's position is that all of the facts were contradicted, especially regarding the use of force. And the victim's version of the facts contradicted the use of force. Now, the victim in the first version had stated that she attempted to leave the bedroom, but Mr. Cortez stood in the doorway, and he placed both hands on her breasts, pushing her back towards the bedroom, causing her to stumble onto a bed directly behind her, forcing her to sit on the bed. And so, obviously, this kind of implies that the pushing was an accidental or like a reflexive type action, not physical force is the appellant's position. In her second version – Counsel, could you elaborate that? What exactly is a reflexive pushing as opposed to force? Well, Judge, this court has previously said that in order for it to be physical force, it has to be a violent act directed at the victim, so some type of violent act, which kind of shows some type of intention to commit a violent act against the victim. And I guess that's the issue. You know, basically the way she described it in the first version was that he, you know, put his hands up, grabbed her breasts, which caused her to then fall back as – and get away from him. So I don't believe that constituted physical force. Now, the district court judge did believe that that constituted physical force, and that was the basis of his ruling. And he looked solely at and believed solely her first version of events. In the second version of events, the victim told the police later that she was stopped from leaving because he raised his hands, placing them on her breasts, and that the victim backed away from him and bumped into the bed, which was directly behind her. She then said that she sat on the bed and looked at Mr. Cortez, and Cortez stared at her and did not say anything. Now, obviously – Counsel, can I ask you a question? Yes. Let's assume the facts were that he just puts his hands on her and nothing else. Is that sufficient force? Judge, I don't believe that. It's like an offense of touching, but, you know, maybe not pushing hard. Let's say he just lays his hands on her. Is that the use of force under our definitions? Your Honor, under this court's previous definitions, I do not believe it is, because this court has previously said that it has to be some type of – it has to be violent in nature. The act alone, obviously, because he pled guilty to sexual battery, is a sexual act, not a violent act, and there wasn't any violence put towards her in this act. This was purely a sexual act, and I think that's where it distinguishes with what this court has previously ruled about what it is to be physical force. And as this court has said, Mr. Cortez did give two versions. First, he said nothing happened when he was questioned. Then later, he basically said, okay, I'm going to tell you everything that happened. And he tells a different version completely as to how this occurred. He says that the events in question took place on a completely different day, that the victim had said, that he was lying on his bed, she entered requesting to use his cell phone, that she jumped on the bed with him and began rubbing his leg, which caused him to become excited. And so he touched her breast, and he said he touched her crotch area over her clothing, and then after a few minutes, they stopped touching each other and it was over. The only uncontradicted, unequivocal facts is that he touched her breasts. There's plenty of contradiction, even if this court believes, as the district court did, that her first version of the events is physical and violent. There's still enough contradiction between the other two events as to whether or not this was a physical act that was violent. Oh, I see my time is up. Thank you. Good morning, Your Honors. May it please the Court, my name is Melissa Meiser and I represent the District of Arizona. Your Honors, this court should affirm the 16-level enhancement that was applied to the defendant's sentence by the district court judge, because the district court properly found that the defendant's prior sexual battery conviction was a crime of violence. Now, the district court properly enhanced the defendant's sentence based on the modified categorical approach. However, this court has the discretion on appeal to uphold a district court sentencing decision on any basis in the record, including revisiting whether California's sexual battery statute should now be considered a categorical crime of violence because of the November 2008 changes to the definition of forcible sex offense in the sentencing guidelines. In her reply brief, the appellant's counsel refers to cases in which the appellant seeks to raise a new issue or overrule the district court. However, the government hears the appellee and has simply suggested that this court has discretion to affirm the district court's decision on any basis in the record. And this court has held numerous times that it may so affirm. Government counsel below did not agree that the categorical approach didn't apply. Government counsel below simply noted the existence of Lopez Montanez and moved on to the modified categorical approach. In 2005, when Lopez was decided by this court, the sentencing guidelines did not define forcible sex offense in any meaningful way. It led to confusion. This court held that forcible sex offense needed to have the use, the attempted use, or the threatened use of force in order to qualify as a forcible sex offense, unless California's sexual battery statute, which only requires non-consent and unlawful restraint, was not categorically a crime of violence. Tenth Circuit went a different way. They found that forcible sex offense was one in where there's non-consensual sexual contact, and therefore found that California's sexual battery statute was a crime of violence. In November 2008, the sentencing guidelines clarified what a forcible sex offense was. They defined it as non-consensual sex offense, including where consent to the touching is involuntary, incompetent, or coerced. Thus, from November 2008 forward, California Penal Code 243.4a is now a categorical crime of violence. This defendant was arrested in October 2009. He was sentenced in June 2010. Therefore, the proper sentencing guidelines for this defendant would be the amended non-consensual forcible sex offense. And thus, the district court was correct that the contact here was non-consensual, and it was a crime of violence. Well, the case that we had before the change in the guideline seems to have given two reasons that it was not only the use of force, but that it was ephemeral. The guideline seems to have changed the rule with regard to whether force is necessary. But it doesn't seem to have overruled the part of our decision which said that if it's an ephemeral touching or whatever sexual act, that then the statute doesn't apply. Well, Your Honor, there's two sections to that crime of violence definition in the new guidelines. There's forcible sex offense, and then in parenthetical it says, including any offense where the sex offense is non-consensual, involuntary, incompetent, or coerced. Then at the bottom of the definition, there's the or any other offense that involves the use, attempted use, or threatened use of force. To Your Honor, I believe the 2008 guidelines going forward, any sex offense, forcible sex offense, that includes touching that is non-consensual. And Your Honor, it may be that it hasn't overruled the ephemeral touching, but any significant touching that would be more than ephemeral would qualify. I'm not quite sure what you mean. Let's say a creep on a subway or a bus leans over and kisses a woman on the ear, and she doesn't want it or invite it. Is that a forcible sex offense? No, that would not be a categorical sex offense. But under California's sexual battery statute, he would have to unlawfully restrain her against the subway and then kiss her. So because California's sexual battery statute requires both the restraint and the touching, it would meet that categorical definition. So it's not just the kiss on the cheek, it's the restraint with the kiss on the cheek, Your Honor. Then how do you deal with the appellant's argument that when the factual basis for the plea is given, in the police reports, she argues that our precedent only lets the district court rely on the portions that are not controverted? The response to that, Your Honor, would be that's the Fifth Circuit's precedent, not this circuit's precedent. Although in Almazan, this court cited that case, it was not part of the holding. This court has never said that when you stipulate to the factual basis in the plea, you're limited to the uncontradicted facts. And in this case, there are no uncontradicted facts. As Your Honor pointed out, the defendant contradicted himself. He says, and neither of his stories would actually meet the quantum of proof necessary for a sexual battery conviction. Sexual battery in California requires that there be touching, that it be against the will of the victim, and that the victim be unlawfully restrained at the time. Version one of the defendant's story is nothing happened. Well, that's not sexual battery. Version two of the defendant's story is, well, we consensually touched each other. Now, the victim was 14, so perhaps that might be another violation, but that's not a sexual battery conviction. So the factual basis, which the defendant stipulated to, and he never said at the plea call, well, I only agree with page one of the police reports, or I only agree with page two, he stipulated to the entire 12 pages. The only story that meets the sexual battery definition sufficient to support that plea would be the victim's story. And either version of the victim's story would meet that requirement. In the appellant's brief, and here today, the appellant tries to paint the victim as somewhat disingenuous in having a completely contradictory story, and that's simply not true, Your Honor. If you look at the two versions of the victim's story, which begin in the supplemental exits of records 103 and 111, they're remarkably similar. The only substantive difference between the two for the purposes of this appeal is that in the first interview, the victim states that the defendant blocked her escape in the bedroom by putting his hands on her breasts and pushing her back into the room. In the second interview, she states the defendant blocks her escape in the bedroom by putting his hands on her breasts, and that after she feels that contact, she then backs up and falls into the bed. In either case, Your Honor, the defendant puts his hands up, pushes the victim away from escaping the situation, and the victim is also very consistent that there's a second forceful touch here. The victim gets up off the bed, tries to leave again, and this defendant puts his hand on her genital region, and that's how he stops her from escaping the second time. So first he blocks her by pushing her, and then he blocks her by touching her on the genitals, and then he attempts to sexually batter her at that point. She slaps his hand away and is eventually managed to leave. So she's very consistent that there's force being used here. There's a push to keep her from leaving on two occasions, one in the breast area, one in the genital area, that she's frightened, that she also states that he stares at her in a way that she finds threatening. So under either the 2008 amended nonconsensual definition of forcible sex offense, or even the Lopez force definition, this, under modified categorical analysis, would apply. Because, Your Honor, as you point out, this is more than ephemeral touching. This is more than restraining the victim by words alone, which is what Lopez was concerned with. Well, I don't think ephemeral means words alone. I think ephemeral normally has sort of a time component. I thought it meant fleeting. Yeah, that's kind of what I was thinking, yeah. Well, Your Honor, the factual basis in this case, the police reports indicate that this was more than ephemeral touching. This is blocking a victim from leaving a room by pushing her back or by stopping her, either version, and then stopping her again by placing the hand on the genitals. That's two different uses of force, Your Honor. So the government's position is that the guidelines in effect in 2008 when this defendant was arrested should be applied, and that's the non-consensual amended version. But even looking at the Lopez force definition of the guidelines, this sexual battery conviction would qualify as a crime of violence. Thank you, Your Honor. Thank you. I think you have about a little over a minute. May I ask you the question that when a counsel stipulated to the police report, he stipulated that there was sufficient cause for the offense. Now, would his statements demonstrate that there was sufficient cause for the offense? Well, Judge, I think that's where we get into whether the documents unequivocally establish the elements, because his counsel did stipulate, but Mr. Cortez pled no contest. And in the court documents that's contained in the excerpts, there's a portion of the documents where he initials the block that applies to him. And he initials the block saying that he's only pleading guilty because of the sentence that the district court, the district attorney has offered him. He does not sign or initial the block that says I'm accepting this because I'm guilty, or I'm accepting this because I could be convicted of a higher offense. And those were the three options that were given to him. And so I think that what he puts in the court documents in his plea of no contest contradict what his attorney said too. And I don't believe it's unequivocal for that reason. But you don't disagree that the stipulation, if it binds him, that the police reports contain a factual basis for the plea. You don't disagree with that, that the police reports state a factual basis? I do not disagree that the police reports state a factual basis. I guess the problem is, Judge, how can a person agree to contradictions? I mean, normally, you know, this court, I know, in Almazan-Vacera, looked at the fact of, well, the police reports were very clear that this is what this person did. But in this case, there's four basically different versions, three substantive versions. And so it's impossible for this court to know which version it was that counsel was stipulating to. Because you can't stipulate to all three because they contradict each other. So clearly he had to be stipulating to one out of the two versions. And I would disagree with the government that the sexual battery conviction would not be sufficient based upon Mr. Cortez-Avaya's confession and his version of the events. And I also believe that the second version would be, too. Why couldn't we interpret the stipulation to include the four versions, but that portion of each version which shows a factual basis, that is, force and restraint. When the attorney stipulates on behalf of the client, there's a factual basis. That means there's enough facts to establish the elements of the offense. You know, if you look at each one of the versions and you pick out a part that relates to the elements of the offense, I think you can find in the four versions enough facts to support the elements of the offense. Well, and I would agree, Judge. I guess the issue is are they stipulating that the one arguably first version of the victim's statement that maybe arguably contains some type of physical force is what they're stipulating to. And since California Penal Code sexual battery does not require any physical force, clearly the record doesn't show unequivocally that he was stipulating to any type of physical force. If this court even believes that her first version does include some type of physical force that's violent in nature. I mean, clearly that's what the district court believed. And that's the reason why, you know, he made the record that he made in his sentencing. But even if this court does believe that, that doesn't mean that that's what he's stipulating to. Because her version would be something that would be a higher, more significant conviction. And in the court document paperwork, he says he's not pleading no contest or guilty because of the fact that he thinks he can get convicted of a higher offense. What does when he stipulates, counsel stipulates that the report has facts sufficient to constitute a crime. This is under the California statute, which did not require force. That is correct, Your Honor. But did it require everything now stated in the guideline? Well, Judge, and I guess that's the other issue we get in. First, to answer your first question, it basically says any person who touches an intimate part of another person, while that person is unlawfully restrained by the accused or an accomplice, and if the touching is against the will of the person touched and is for the purpose of sexual arousal, sexual gratification or sexual abuse, that person is guilty of sexual battery. Now, when it comes to the new version of the guidelines, it's appellant's position that the government has waived that issue. The government did not bring that issue up at the lower court to preserve a record on that. And I would disagree that this court can basically make its own record and decide. This court has consistently held that it will not consider issues raised for the first time on appeal. Okay, but that's a different question. The question is, let's assume that he had pled guilty or that his attorney said that there was sufficient facts to warrant a conviction under that statute. Could he have committed the act in the statute without being eligible for the enhancement after the guideline was amended? Well, are you specifically, I just want to make sure I understand the question, are you talking about the issue of whether it's consensual or non-consensual? No, any issue, whatever the issue is. Any issue it is. Could he have pled guilty to that statute, to the facts required for that statute, without being eligible for the 16-point enhancement after the amendment to the guideline? I believe he could have, yes. I don't believe this court, and I know this court hasn't decided yet whether it's overruling itself previously, saying this is not a categorical crime of violence because of what the statute allows a person to do. I still agree, though, that he can plead guilty to this without it being a crime of violence and without it being subject to the 16-level enhancement. And I guess that's the issue the court's going to have to determine now that the guidelines have changed. Although it's my position that the court shouldn't be considering the new guidelines. Yes, I understand. All right. Thank you, counsel. Thank you. The case that's argued will be submitted. The next case for oral argument is Conklin v. City of Reno.
judges: Timlin, Reinhardt, Gould